UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SING CHO NG, | CASE NO. C19-1371JLR |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | REGARDING SUBJECT |
| | MATTER JURISDICTION |
| TERENCE K. WONG, et al. | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff Sing Cho Ng's complaint. (Compl. (Dkt. # 4).)
Magistrate Judge Brian A. Tsuchida granted Mr. Ng leave to proceed in forma pauperis
("IFP") on August 30, 2019. (8/30/19 Order (Dkt. # 3).) However, Magistrate Judge
Tsuchida also recommended that the court review complaint under 28 U.S.C.
§ 1915(e)(2)(B) prior to issuing any summons. (*See id.* at 1.)

//

//

## II.    BACKGROUND

Mr. Ng brings his complaint against a King County Superior Court Judge Janet Helson, a deputy clerk and a bailiff of King County Superior Court, an attorney who represented parties who were adverse to Mr. Ng in proceedings in King County Superior Court, and other "yet-be-identified [sic] King County Superior Court officials. (*See* Compl. at 1-2.) Although his complaint is disjointed and difficult to follow, he appears to be complaining about the results of two state court unlawful detainer actions filed to remove him from certain property. (*See generally id.*)

This is the fourth action that Mr. Ng has filed in this court since 2017 against a related and overlapping group of defendants. *See Ng. v. King King Ass'n, et al.*, No. C17-1515RAJ ("*Ng I*"); *Ng. v. Metz, et al.*, No. C18-0690JCC ("*Ng II*"); *Ng v. Metz, et al.*, No. C18-1212RSM ("*Ng III*").

*Ng I* addressed Mr. Ng's claims related to his landlord's rent increase and subsequent actions taken to evict Mr. Ng. (*See generally*, *Ng I*, Dkt. #4.) Mr. Ng maintained that his landlord acted in concert with other defendants to remove Mr. Ng from his apartment and allow a construction project to proceed. (*Id.*) On July 30, 2018, the court dismissed *Ng I* for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend. (*See generally, id.*, Dkt. # 30.) Mr. Ng filed an amended complaint on August 22, 2018. (*See id.*, Dkt. # 34.) On March 28, 2019, the court dismissed Mr. Ng's amended complaint with prejudice because the allegations in his amended complaint "effectively mirror[ed] those pled in [his] initial complaint." (*Id.*, Dkt. # 52 at 3.)

*Ng II* addressed Mr. Ng's claims related to Judge Helson's adjudication of two state court unlawful detainer actions, which were filed to remove Mr. Ng from the property. (*See generally*, *Ng II*, Dkt. #5.) The first state court unlawful detainer action was quickly dismissed. (*See id.*) The second was pursued to judgment—albeit with various alleged irregularities of which Mr. Ng complains—and appealed to the state court of appeals. (*See id.*) On July 9, 2018, prior to issuing summons, the court dismissed *Ng II* based on 28 U.S.C. § 1915(e)(2)(B). (*Id.*, Dkt. # 10.) On appeal, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of Mr. Ng's complaint. (*Id.*, Dkt # 20.)

*Ng III* rehashed the claims advanced in *Ng II* and followed the court's dismissal of *Ng II*. (*See generally Ng III*, Dkt. # 9 (Compl.); *see also id.*, Dkt. # 13 (OSC) at 2.) On November 20, 2018, the court dismissed *Ng III* prior to issuing summons. (*Id.*, Dkt. # 13.) On July 16, 2019, the Ninth Circuit dismissed Mr. Ng's appeal as frivolous. (*Id.*, Dkt. # 22.)

Mr. Ng filed his current action on August 29, 2019—a little over one month following the Ninth Circuit's dismissal of Mr. Ng's appeal of *Ng III* as frivolous. (*See* IFP Mot. (Dkt. # 1).) Mr. Ng once again rehashes the claims he advanced in *Ng II* and *Ng III*. (*See generally* Compl.) Although lengthy and even more disjointed than his prior complaints, Mr. Ng again complains of many alleged procedural and substantive irregularities and perceived errors that occurred in various state court actions. (*See generally id.*)

//

//

# III.    ANALYSIS

Where a plaintiff proceeds in forma pauperis, as Mr. Ng does here, the court is to dismiss the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because federal courts are courts of limited jurisdiction, a plaintiff also bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). Mr. Ng must meet this burden by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Here, as in *Ng III*, Mr. Ng does not establish the court's subject matter jurisdiction because the action is barred by the *Rooker-Feldman* doctrine. That doctrine prevents federal district courts from otherwise exercising jurisdiction in a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 54 U.S. 280, 284 (2005)) (quotation marks omitted). The doctrine is premised on the United States Supreme Court being the only federal court vested with "jurisdiction over appeals from final state-court judgments." *Id.* at 464 (looking to 28 U.S.C. § 1257).

Stated otherwise:

If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2004) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). Key to the consideration is "whether the injury alleged by the federal plaintiff resulted from the state court judgement itself or is distinct from that judgment." *Id.* at 900-01 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)) (quotation marks omitted).

Mr. Ng's complaint appears to be precluded by the *Rooker-Feldman* doctrine. Although even more disjointed and difficult to understand than his complaints in *Ng II* and *Ng III*, Ms. Ng's complaint in this action appears to again allege procedural and substantive mistakes in his state court proceedings leading to his eviction. (*See generally* Compl.) But whatever harm Mr. Ng suffered as a result was caused by the final state court judgment determining he had no right to remain in his apartment. Once again, Mr. Ng appears to argue that the state court legal proceedings failed to protect him from this harm and seeks relief from this court. (*See generally id.*) But these procedural or substantive mistakes, including those touching on constitutional claims, were issues that Mr. Ng could have raised in the state court proceedings, appealed within the state court system, and ultimately asked the United States Supreme Court to review.

Even if this court did have subject matter jurisdiction, Mr. Ng maintains suit against many individuals employed by the state courts and involved in state court judicial proceedings. (*See generally* Compl.) In both *Ng II* and *Ng III*, the court informed Mr.

Ng that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." (*Ng III*, Dkt. # 11 at 4 (quoting *Ng II*, Dkt. #10 at 3 and *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (quotation marks omitted)).) Dismissal of these claims would raise an issue as to whether the court could maintain jurisdiction over Mr. Ng's remaining claims. *See* 28 U.S.C. § 1331 (giving federal district courts jurisdiction over federal and constitutional questions); 28 U.S.C. § 1332 (giving federal district courts jurisdiction over controversies exceeding $75,000 and between diverse parties).

In response to this order, Mr. Ng must write a short and plain statement telling the court (1) why the court's jurisdiction is not precluded by the *Rooker- Feldman* doctrine, (2) why the government actors are not immune from Mr. Ng's claims, and (3) why this case is otherwise in the court's subject matter jurisdiction.

## IV.    CONCLUSION

Based on the foregoing analysis, the court ORDERS Mr. Ng to file a response to this order to show cause containing the required items above no later than twenty-one (21) days from the date of this order. If Mr. Ng fails to adequately or timely respond to

//

//

//

//

//

//

this order, the court will dismiss his case.  The court DIRECTS the Clerk to mail a copy

of this order to Mr. Ng at P.O. Box 14551, Seattle, Washington  98114.

Dated this 24th day of September, 2019.

JAMES L. ROBART
United States District Judge